DEVINE, P. J.
 

 Plaintiff has appealed from a judgment in favor of Ford Motor Company, based on an order sustaining a demurrer without leave to amend. The action is against Van Etta Motors, vendor of a Mercury automobile, on an alleged warranty; answer of that defendant has been filed; but it is also against Ford Motor Company for damages alleged to have been caused by negligence in the manufacture of the brakes and wheel bearings of the automobile. The damages were to the automobile itself, in an accident in which it was wrecked when the brakes failed to hold. No damage to person or to other property is alleged.
 

 The order and judgment were made by the trial judge because of our decision in
 
 Judson Pacific Murphy, Inc.
 
 v.
 
 Thew Shovel Co.,
 
 127 Cal.App.2d 828 [275 P.2d 841], and appellant frankly bases his appeal on the proposition that we should overrule that earlier decision of our own court. The question may be stated simply, but it is one which has very rarely been considered. It is this: Will an action lie against the manufacturer of an article which, if negligently made, is likely to produce injury to person or property, for damages resulting from an accident caused by the negligence, where the damages are confined to destruction or harm to the article itself? In the Judson case we answered this question in the negative, on the ground that to extend the manufacturer’s responsibility to include the article itself would make the manufacturer virtually a warrantor.
 

 
 *Supp. 865
 
 We have reached a conclusion different from our former holding, and we are causing this opinion to he published because the earlier one was reported.
 

 Although the main reason for our change has been none other than an altered judgment based on further reflection, it may be mentioned that one or two cases have been brought to our attention which were not before us—and some had not then been decided—when we decided the Judson case. Also, the trend of judicial decisions seems to carry on what Justice Cardozo, in
 
 Ultramares Corporation
 
 v.
 
 Touche,
 
 255 N.Y. 170, 180 [174 N.E. 441, 445, 74 A.L.R. 1139], called “the assault on the citadel of privity.” See for example
 
 Biakanja
 
 v.
 
 Irving,
 
 49 Cal.2d 647 [320 P.2d 16], in which the court, disapproving earlier decisions, held that a notary who prepared an invalid will was liable to a prospective legatee despite the absence of privity.
 

 Shortly after the landmark case on manufacturer’s liability of
 
 MacPherson
 
 v.
 
 Buick Motor Co.,
 
 217 N.Y. 382 [111 N.E. 1050, Ann.Cas. 1916C 440, L.R.A. 1916F 696], the Supreme Court of New York held, in
 
 Quackenbush
 
 v.
 
 Ford Motor Co.,
 
 167 App.Div. 433 [153 N.Y.S. 131], that the manufacturer’s liability for negligence in an automobile brake failure case extends to damage solely to the article itself, the automobile. Unlike the MacPherson case, the Quackenbush case was not carried to the court of appeals. As authority for the proposition that the manufacturer’s liability for negligence extends to damage to the article itself, the Quackenbush ease stands almost alone. The decision in
 
 International Harvester
 
 v.
 
 Sharoff,
 
 202 F.2d 52 does hold the manufacturer liable, the article itself being the sole casualty, but the manufacturer was the immediate vendor, and the cause having been stated on warranty as well as on negligence, the decision does not necessarily ground itself upon the charge of negligence. On the other hand, the Judson decision seems to be the only one denying the manufacturer’s liability in this type of case.
 

 In the Quackenbush case, it was reasoned by the court that it would be illogical to hold that a person driving a car with negligently fabricated brakes could recover from the manufacturer if he suffered personal injury, but if he had jumped from the vehicle and escaped personal injury, and the automobile was destroyed, he could not recover for the damage to the car. The accident and the negligence causing it, rather than the results of the accident were held to be the controlling
 
 *Supp. 866
 
 factors. We accept that reasoning, and we shall add some thoughts of our own.
 

 To accept the rule of the Quackenbush case will not make the manufacturer a warrantor to the ultimate purchaser. In the first place, negligence must be proved, in accordance with the general rule of manufacturer’s negligence.
 
 (Burr
 
 v.
 
 Sherwin-Williams Co.,
 
 42 Cal.2d 682, 695 [268 P.2d 1041].)
 

 In the second place, the article, while no longer, as in the early days of the doctrine of manufacturer’s liability, required to be inherently dangerous, must be of such nature that, if negligently made, it is reasonably certain to produce harm to persons or to property.
 
 (Kalash
 
 v.
 
 Los Angeles Ladder Co.,
 
 1 Cal.2d 229 [34 P.2d 481];
 
 Sheward
 
 v.
 
 Virtue,
 
 20 Cal.2d 410 [126 P.2d 345].) Injury or damage must have been foreseeable, reasonably, by a prudent manufacturer. (65 C.J.S., Negligence, 631; Restatement of Torts, p. 1089, § 388.) This at once removes a host of articles which could become harmful to the public only by remote possibilities or under bizarre circumstances, from the rule of manufacturer’s liability in general, and from liability for damage to the very articles, in particular.
 

 In the third place, an accident must have resulted. In the case of
 
 Trans World Airlines, Inc.
 
 v.
 
 Curtiss-Wright Corp.,
 
 148 N.Y.S.2d 284, plaintiff sought damages against the manufacturer in the nature of the cost of repairs to airplane engines which it had bought through a seller whom, for an unknown reason, said the court, plaintiff did not choose to sue on warranty. The court held that, although certainly the engines, if negligently made, were likely to endanger persons and property, nevertheless, since the fault was found in time to avert accident, the manufacturer’s negligence would not cause liability. Otherwise, the court pointed out, there would not be much scope for the law of warranty, and persons who had no contractual relations with the manufacturer could escape the limitations, if any there were, agreed upon in their contract of purchase made with their immediate vendors.
 

 Finally, it seems that the accident must be a casualty involving some violence or collision with external objects, not a mere marked deterioration, or even a complete ruin brought about by internal defect. In
 
 Wyatt
 
 v.
 
 Cadillac Motor Car Division,
 
 145 Cal.App.2d 423 [302 P.2d 665], judgment for defendant manufacturer on order sustaining. demurrer without leave to amend was affirmed, where the complaint alleged that a paper was negligently sealed in an automobile’s breather
 
 *Supp. 867
 
 pipe, causing ruin of the engine, the defect not having been one which would be likely to produce injury to persons or to other property. The manufacturer, in guarding against damage to the public at large, would not have to guard against such a defect, its liability extending only to its own vendee.
 

 Although we need not define the limitations set forth above, we mention them as showing that, by answering the question above stated in the affirmative, we are very far from embracing an unlimited manufacturer’s responsibility.
 

 Besides the fact that the rule contended for by appellant does not, when restricted by the limitations which no doubt are to be applied, convert the manufacturer’s position to that of warrantor to third persons, there are positive reasons for its acceptance. The manufacturer’s liability is based on reasons of public policy. The purchaser is a member of the public. If his property happens to be the article negligently made, he is entitled to damages no less than is a total stranger to the property. In fact, his purchase, though not directly from the manufacturer, may have promoted the latter’s business, and his position should not be inferior to that of others. Nothing is added to the required quantum of care, because the manufacturer must observe that duty in order to avoid responding to strangers, in any even-t, where the articles are of the nature described above. The amount of care itself required is not enlarged, but the owner of the article is regarded as not being excluded from the protection afforded to the entire public.
 

 There may be many occasions when the liability of a retailer as a warrantor would not, for practical purposes, be as availing to a plaintiff as would that of a manufacturer. The retailer is closer to the plaintiff in the sense of contractual privity, but the manufacturer is the more responsible in the sense of fault if, as alleged, it is his negligence which brought about the loss.
 

 The judgment is reversed, and the trial court is directed to set aside the order sustaining the demurrer without leave to amend.
 

 Molkenbuhr, J., and Shoemaker, J., concurred.