546 P.2d 369

**W. R. SKOUSEN CONTRACTOR, INC., a corporation, and Rick A. Brassfield, Appellants,**

**v.**

**Bobby Alfred GRAY, Appellee.**

**No. I CA–CIV 2754.**

Court of Appeals of Arizona, Division 1, Department A.

Feb. 26, 1976.

Rehearing Denied March 23, 1976.

Review Denied April 13, 1976.

Maupin & Wilson, by Donald R. Wilson, William G. Fairbourn, Robert W. Riddle, Phoenix, for appellants.

Harlan Heilman, Yuma, for appellee.

## OPINION

OGG, Judge.

The appellee/plaintiff Bobby Alfred Gray was awarded a $200,000 jury verdict against the appellants/defendants W. R. Skousen Contractor, Inc. and Rick A. Brassfield. The defendants have filed this appeal, alleging that the trial court committed reversible error as follows:

1. By directing a verdict against the defendants on the issue of contributory negligence.

2. By allowing into evidence speculative damages.

The facts pertinent to this appeal disclose that the plaintiff's pickup truck was struck by the tractor-trailer truck owned by defendant Skousen Contractor, Inc. while it was being driven by the defendant Rick Alan Brassfield. The plaintiff was traveling south on a four lane paved highway. There are two lanes for north-bound traffic and two lanes for south-bound traffic with a concrete median divider that has left turn bays at the intersections. The defendant's truck and trailer, which was approximately 64 feet in length, was traveling north and made a left-hand turn from an intersection turn bay in front of the plaintiff. The day was clear and road conditions and visibility were good. The plaintiff testified that he was going from 45 to 50 miles per hour which was within the speed limit, and the defendant driver testified he reduced his speed at the intersection and was going 3 to 4 miles per hour at the time of impact. The plaintiff stated that he was traveling in the left south-bound lane and was 200 feet away or possibly less when he noticed defendant's truck start to turn. When plaintiff realized defendant's truck was not going to stop at the intersection he was 100 to 150 feet away; at this time he tried to turn to the right to avoid the accident but was unable to do so since the defendant's truck continued on into the intersection and struck his pickup on the driver's side, just ahead of the left door. The plaintiff testified he did not cut to the right sooner because he thought the truck would stop and not continue into the intersection. The defendant driver never saw plaintiff's pickup and continued to make his left turn in front of the plaintiff until time of impact. At trial, when the defendant driver was asked if he stopped before making his left-hand turn at the intersection, replied: "I don't think I came to a complete stop, no, sir."

At the close of all the evidence, the court directed a verdict in favor of the plaintiff on the issue of negligence and ruled that the issue of contributory negligence would not be submitted to the jury. The single issue of damages was submitted to the jury and a verdict in the sum of $200,000 was rendered in favor of the plaintiff.

We will now discuss the issues raised by this appeal.

## DID THE COURT ERR IN DIRECTING A VERDICT ON THE CONTRIBUTORY NEGLIGENCE ISSUE?

The defendants allege that there was sufficient evidence of contributory negli-

gence presented which required the submission of such issue to the jury. The defendants reason that under the provisions of Art. 18 § 5, Arizona State Constitution, the trial court erred in taking the defense of contributory negligence from the jury. Art. 18 § 5 reads:

The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury.

■ In reviewing the evidence in this issue we must interpret it in a light most favorable to the defendants who opposed the motion for the directed verdict. *E. L. Jones Construction Co. v. Noland,* 105 Ariz. 446, 466 P.2d 740 (1970); *City of Phoenix v. Brown,* 88 Ariz. 60, 352 P.2d 754 (1960). After reviewing the evidence in this light we find there is no evidence from which a reasonable man could find the plaintiff guilty of contributory negligence.

■ The Arizona appellate courts have repeatedly held that where contributory negligence has been pleaded as a defense and where no evidence is presented from which a reasonable man might infer that contributory negligence does exist, the trial judge must withdraw such issue from the jury. In such a case the Arizona Constitutional requirement of Art. 18 § 5, does not apply. *Sax v. Kopelman,* 96 Ariz. 394, 396 P.2d 17 (1964); *Morris v. Aero Mayflower Transit Co.,* 73 Ariz. 390, 242 P.2d 279 (1952); *Citizens Utilities Co. v. Firemen's Ins. Co.,* 73 Ariz. 299, 240 P.2d 869 (1952); *Sweet v. Ybarra,* 13 Ariz.App. 101, 474 P.2d 460 (1970).

Under the facts of this case we find no reasonable evidence that would support the defense of contributory negligence. The plaintiff had the right of way and was traveling within the speed limit when the defendant driver failed to stop at the intersection and made a left-hand turn in front of the plaintiff. At the time it became evident to the plaintiff that the defendant was not going to stop at the in-

tersection it was too late for the plaintiff to do anything but swerve to the right in an attempt to avoid the accident. The defendant driver was clearly negligent and we can find no reasonable evidence to support the defense of contributory negligence.

The judgment of the trial court in directing a verdict on the issue of negligence and the defense of contributory negligence is hereby affirmed.

## DID THE TRIAL COURT ERR IN ALLOWING IMPROPER EVIDENCE ON THE ISSUE OF DAMAGES?

■ The evidence was uncontroverted that the plaintiff suffered a lower back injury as a result of the accident. After two operations were performed upon plaintiff's back he still suffered from a permanent disability. There is conflicting testimony relative to the extent of such disability, although a fair appraisal of the evidence indicates the plaintiff will never again be able to perform the heavy labor he was capable of performing prior to his injury in the accident.

The defendants here are most concerned with the admissibility of the testimony of plaintiff's employment expert, Mr. Ross Lamoreaux. The defendants claim that the trial court permitted this alleged expert to give numerous speculative opinions without proper foundation. We agree that on some occasions the attorney for the plaintiff attempted to stretch the expertise of this witness; however, we also find the trial judge properly limited such attempts.

Lamoreaux, as an employment specialist expert, was allowed to testify as to what work was presently available to the plaintiff in Arizona and the wage scale that could be expected from such employment. He was also allowed to testify as to the earnings the plaintiff could have been expected to earn had he been able to continue with his former employment as a "tire man" for a construction firm. He further testified to the plaintiff's working life expectancy and gave his opinion as to his

loss of earnings as computed to a present day value.

By way of foundation it was established that Lamoreaux had worked as an independent employment specialist for the past six years with a prior employment record showing four years' experience as a vocational counselor for the Arizona State Employment Service and three years' experience as a rehabilitation counselor.

The determination of the competency of an expert witness and the admissibility of such expert's testimony is within the sound discretion of the trial court. *Carrel v. Lux,* 101 Ariz. 430, 420 P.2d 564 (1966); *Board of Regents of University, etc. v. Cannon,* 86 Ariz. 176, 342 P.2d 207 (1959).

We have studied the transcript and find no reversible error in the admission of such expert testimony.

Affirmed.

DONOFRIO, P. J., and FROEB, J., concurring.