574 P.2d 822

**Grant JACKSON and Aressia Jackson, his wife, Appellants,**

v.

**H. H. ROBERTSON COMPANY, INC., a Pennsylvania Corporation, and S. G. Herrick, Inc., a California Corporation, Appellees.**

No. 13474–PR.

Supreme Court of Arizona, En Banc.

Jan. 30, 1978.

Evans & Storrs, P. C., by Randall L. Evans, Phoenix, for appellants.

Gust, Rosenfeld, Divelbess & Henderson by Richard A. Segal and Anne L. Hannah, Phoenix, for appellee H. H. Robertson Co., Inc.

Moore & Romley by Robert A. Scheffing, Phoenix, for appellee S. G. Herrick, Inc.

HAYS, Justice.

The appellants, Grant Jackson and his wife Aressia, sued H. H. Robertson Co., Inc. (Robertson) and S. G. Herrick, Inc. (Herrick) in tort alleging that the negligence of one or both defendants (appellees) had caused injuries to Grant Jackson. At the conclusion of appellants' case, the trial court granted appellees' motions for directed verdict. Appellants filed a motion for new trial which was denied. Appellants appealed to the Court of Appeals and that court affirmed the trial court's decision. Appellants then filed a Petition for Review. We have jurisdiction pursuant to 17A A.R.S. Sup.Ct.Rules, rule 47(b). The memorandum decision of the Court of Appeals, No. 1 CA–CIV 3337, filed October 6, 1977, is vacated.

On August 19, 1970 Grant Jackson was working for Henry C. Beck Co., the general contractor in charge of constructing the First National Bank building in Phoenix. Jackson was part of a crew which was pouring concrete on the ground floor. At this time, the building was in the early

stages of construction. Apparently the framework for a few floors above the ground floor was in place and metal floors were being constructed within the framework.

Defendant Herrick was responsible for installing the structural steel framework for the whole building and for hoisting the metal flooring to the floors where it was to be installed. Defendant Robertson was responsible for delivering floor materials to the site, telling Herrick where to put the materials on the various floors, and for installing the metal flooring. Two other subcontractors had men on the site at the time of the accident, but appellant did not claim that these men were responsible for his injuries.

While Jackson was working on the ground floor, witnesses suddenly noticed objects which looked like beams falling from above. They saw these "beams" land behind Jackson and then fall through the decking on which he was standing. Jackson also fell, clinging momentarily to the decking, then falling 30 to 40 feet into the basement. He was found injured, with two bundles of flashing beside him; each bundle weighed approximately 500 pounds. There was testimony that no flashing was in the basement prior to the accident. Evidence at trial indicated that the flashing had fallen from the fourth floor. Although the general contractor, other subcontractors, and their employees either had access to the fourth floor or had at times been on the fourth floor, there was no evidence showing that anyone other than Herrick and Robertson employees had handled the flashing.

The day before the accident, Herrick employees hoisted decking and flashing to the fourth floor. Employees of both Robertson and Herrick had been working on the fourth floor on the day of the accident. Robertson employees had moved manually some of the materials improperly placed by Herrick on the fourth floor. There was evidence that the Robertson and Herrick crews may both have been on lunch break at the time of the accident, but as will be clarified later, this does not preclude either defendant from being charged with responsibility for Jackson's injuries.

## WAS IT ERROR FOR THE TRIAL COURT TO DIRECT A VERDICT FOR DEFENDANTS?

Appellants contend that the trial court erred in granting a directed verdict for the two defendants. Appellants claim that they introduced sufficient evidence to justify use of the doctrine of res ipsa loquitur and to raise the inference that one or both of the defendants were negligent.

■ In determining whether it was correct to direct a verdict for defendants/appellees, the appellate court must view all evidence in the light most favorable to the plaintiffs/appellants. *Eaton Fruit Co. v. California Spray-Chemical Corp.*, 103 Ariz. 461, 445 P.2d 437 (1968).

■ There seems to be some confusion in Arizona and other jurisdictions regarding the meaning and applicability of res ipsa loquitur. Much of this confusion is clarified by keeping in mind that res ipsa loquitur is just a theory of circumstantial evidence under which the jury may reasonably find negligence and causation from the facts of the accident and the defendant's relation to the accident. *McKeever v. Phoenix Jewish Community Center*, 92 Ariz. 121, 374 P.2d 875 (1962); Restatement (Second) of Torts § 328D, Comment b.

■ The necessary conditions for a res ipsa loquitur case are established in *Capps v. American Airlines*, 81 Ariz. 232, 303 P.2d 717 (1956):

"(1) the accident must be of a kind which ordinarily does not occur in the absence of some one's negligence;

"(2) it must be caused by an agency or instrumentality within the exclusive control of defendant;

"(3) it must not have been due to any voluntary action on the part of the plaintiff;

"(4) plaintiff must not be in a position to show the particular circumstances which caused the offending agency or

instrumentality to operate to his injury." 81 Ariz. at 234, 303 P.2d at 718.

■ Before a res ipsa loquitur case may be properly submitted to the jury, there must be sufficient evidence of the first three conditions to support an inference that the defendant's negligence caused the plaintiff's injury. *See O'Donnell v. Maves*, 103 Ariz. 28, 436 P.2d 577 (1968).

We believe that appellants have satisfied the first condition. The evidence and human experience indicate that the flashing would not have fallen from the fourth to the first floor unless some human error occurred.

Conditions (3) and (4) are not disputed in this appeal, and the facts clearly show that these two requirements have been set.

## CAN RES IPSA LOQUITUR BE USED AGAINST TWO DEFENDANTS?

■ Both appellees assert that the trial court properly directed a verdict for them because appellants failed to establish the second element of res ipsa loquitur. Appellees have filed separate briefs in which each argues that the appellants may not rely on res ipsa loquitur to sue it unless appellants can show that the instrumentality causing the injuries was under the exclusive control of the individual appellee. Each appellee also contends that appellants may not sue appellees jointly unless they can demonstrate that the appellees had joint exclusive control of the instrumentality. It is not clear that the appellees jointly controlled the flashing, but the cooperation required between the appellees to get the flashing hoisted to the proper positions and installed might support a conclusion that the appellees had joint control of the harmful instrumentality. However, as we will show subsequently, a showing of joint simultaneous control is not a prerequisite to suing two defendants under the doctrine of res ipsa loquitur.

This precise issue has never been ruled on directly in Arizona. No Arizona case against more than one defendant has been submitted to the jury on the res ipsa loqui-tur theory, although in some cases, more than one defendant has initially been sued.

This court and the Court of Appeals have indicated by dictum that in a proper case, a plaintiff might rely on res ipsa loquitur to sue more than one defendant. *Tucson Gas, Electric Light & Power Co. v. Doe*, 28 Ariz. 140, 236 P. 464 (1925); *First National Bank of Arizona v. Otis Elevator Co.*, 2 Ariz.App. 80, 406 P.2d 430 (1965). First National Bank, *supra*, would permit a suit against more than one defendant if the defendants had joint control of the injuring instrumentality.

■ A review of the law reveals that whether, and precisely how, res ipsa loquitur applies depends on the circumstances of the individual case. *See, e. g., Capps, supra.* The propriety of using res ipsa loquitur must be assessed on a case-by-case basis.

■ Because the validity of permitting a suit under res ipsa loquitur depends on the facts and circumstances of each case, it is very difficult to generalize regarding the doctrine's applicability. However, we see no reason why a res ipsa loquitur suit should be forbidden merely because there is more than one defendant. So long as he confines his suit to those defendants who it is reasonable to believe caused him harm, an injured plaintiff should not be denied a chance to recover merely because he cannot show what defendant or combination of defendants are responsible for his injury. This conclusion is compatible with the better reasoning of other jurisdictions. *See* cases collected at 38 A.L.R.2d 905 (1954).

■ The "exclusive control" requirement in a res ipsa loquitur case is really circumstantial evidence supporting the inference that the defendant(s) probably is responsible for the harm to the plaintiff, for the significant time of exclusive control is the time at which the alleged negligence resulting in the injury occurred, not the time of the accident. *Tucson General Hospital v. Russell*, 7 Ariz.App. 193, 437 P.2d 677 (1968). Thus, it is irrelevant that the employees of one or both defendants may have been at lunch at the time of the acci-

dent. Employees of both defendants had control of the injurious instrumentality at times close enough to the accident to permit the inference that the negligence of one or both defendants caused the harm to Jackson. The jury could reasonably conclude that errors of either or both defendants' employees in handling the flashing caused it to fall resulting in Jackson's injuries.

In the case before us, it is unclear which defendant was in control of the injurious instrumentality at the time of the alleged negligence, but it is clear that each defendant was in control of the instrumentality at times which reasonably permit the inference that negligence of one or both defendants resulted in harm to the plaintiff. In such a case, other jurisdictions would permit a res ipsa loquitur suit against more than one defendant. *See* 38 A.L.R.2d, *supra*. We believe that this is the wisest rule for Arizona.

Both appellees mention that the general contractor was not made a defendant. Apparently appellees are suggesting that because the general contractor had overall responsibility for the construction project, that contractor had control giving rise to liability under res ipsa loquitur. However, the law of res ipsa loquitur requires the "exclusive control" to be control of the agency causing the injury, the flashing in this case. Neither appellee claims that the general contractor had responsibility for, or ever handled, flashing. It is appropriate that the two subcontractors, Herrick and Robertson, who actually handled the flashing should be sued, and plaintiff's right to recover against these subcontractors is not affected by the failure to sue the general contractor who supervised the total project, but did not directly control how the flashing was moved and placed.

For the reasons set forth above, we hold that the plaintiffs in this case have presented sufficient evidence to meet all the conditions of res ipsa loquitur, and thus they have raised an inference that the negligence of one or both appellees caused Grant Jackson's injuries. *See O'Donnell v.*

*Maves, supra.* It was not proper to direct a verdict for the defendants.

The memorandum decision of the Court of Appeals, filed October 6, 1977, is vacated, and this case is reversed and remanded for further proceedings consistent with this opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and GORDON, J., concur.

HOLOHAN, Justice, concurring:

I concur in the result.