Margaret G. NEWKIRK, as Special Administrator of Hubert W. Newkirk, Deceased, Plaintiff,

v.

NATIONAL RAILROAD PASSENGER CORPORATION, a corporation, Defendant.

Civ. No. 84–3137.

United States District Court,
S.D. Illinois,
East St. Louis Division.

Oct. 7, 1985.

Lance Callis, Callis & Hartman, P.C., Granite City, Ill., for plaintiff.

Richard E. Boyle, Gundlach, Lee, Eggmann, Boyle & Roessler, Belleville, Ill., for defendant.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

The defendant's Motion for Summary Judgment (Document No. 9) is now before the Court.

This action arose from the death of Hubert W. Newkirk, the deceased husband of plaintiff, Margaret G. Newkirk. Mr. and Mrs. Newkirk purchased passenger tickets in Chicago, Illinois on an Amtrak train operated by defendant National Railroad Passenger Corporation (NRPC). The Newkirk's departed from the Chicago station on October 14, 1982 to visit relatives in Phoenix, Arizonia. The only means of exiting the train was through the entraining doors on each side of the center of the cars. These doors were secured by a snap-lock and safety handle which clamps the doors shut. The snap-lock, which can be locked with a key, was not locked, thereby enabling someone to raise the safety handle and pull the doors open. None of the sealed train windows had been removed at the time of the incident in this action. A vestibule area made it impossible for someone to exit the train from between cars.

On October 16, 1982, Mr. Newkirk told his wife that he was going to the adjoining observation car. Thereafter, Mrs. Newkirk slept in her seat for approximately a half hour. Mrs. Newkirk then discovered that Mr. Newkirk had not returned to his seat. After she unsuccessfully searched the train for her husband, she reported his disappearance to the train's crew members. Neither the crew members' search of the train, nor their interviews of train passengers revealed anything about Mr. Newkirk's whereabouts or the circumstances of his disappearance.

Mrs. Newkirk continued on to Phoenix, Arizona where she reported her husband's disappearance to the authorities. Mr. Newkirk's body was finally found on February 24, 1983 along the railroad right-of-way just west of Wilcox, Arizona. The Medical Examiner concluded that the cause of Mr. Newkirk's death was multiple fractures to the head and body caused by impacting with the ground at a tremendous velocity.

Mrs. Newkirk brought this action against defendant, NRPC, for the death of her husband, relying solely on the doctrine of res ipsa loquitur. Plaintiff alleges that the decedent's fall from the train would not have taken place in the ordinary course of things if NRPC had not been negligent.

The defendant now moves for summary judgment, arguing that the facts in this case cannot support the application of the doctrine of res ipsa loquitur, and that the plaintiff cannot prove that the proximate cause of the injury was defendant's allegedly negligent act. Mrs. Newkirk opposes defendant's motion, arguing that the doctrine of res ipsa loquitur is properly presented in this case.

Summary judgment is appropriate only where the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56. The party moving for summary judgment has the burden of establishing the lack of a genuine issue of material fact. *Korf v. Ball State University*, 726 F.2d 1222, 1226 (7th Cir.1984). The Court must view the evidence, and the reasonable inferences to be drawn therefrom, in the light most favorable to the party opposing summary judgment. When the moving party fails to meet its strict burden of proof, summary judgment cannot be entered even if the opposing party fails to respond to the motion. *Yorger v. Pittsburg Corning Corp.*, 733 F.2d 1215 (7th Cir.1984).

When the moving party has met its initial burden and the opposing party asserts the existence of a question of fact, the Seventh Circuit has identified two considerations to be used in determining whether summary judgment is proper. The Court must determine whether the non-moving party has established that there is a genuine issue as to that fact.

To create a question of fact, an adverse party responding to a properly made and supported summary judgment motion must set forth specific facts showing that there is a genuine issue for trial ... A party may not rest on mere allegations or denials of his pleadings; similarly, a bare contention that an issue of fact exists is insufficient to raise a factual issue.

*Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir.), *cert. denied*, 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983). Furthermore, the disputed fact must be material, that is, it must be outcome-determinative under the applicable law. *Egger v. Phillips*, 710 F.2d 292, 296 (7th Cir.) (en banc), *cert. denied*, 464 U.S. 918, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983).

 In examining defendant's motion for summary judgment, the Court finds that the substantive law of Arizona is controlling in this case. Initially, the Court notes that is is bound by the Illinois choice of law doctrine. *Klaxon Company v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed.2d 1477 (1941). The choice of law doctrine in Illinois directs that the local law where the injury occurred determines the parties' rights and liabilities, "unless Illinois has a more significant relationship with the occurrence and with the parties, in which case, the law of Illinois should apply." *Ingersoll v. Klein*, 46 Ill.2d 42, 45, 262 N.E.2d 593, 595 (1970). Because the injury occurred in Arizona and neither party is a citizen of Illinois, Illinois does not have any significant relationship to justify the application of its law to this case. Therefore, the law where the injury occurred, Arizona, is applicable.

 The plaintiff relies exclusively upon the doctrine of res ipsa loquitur in her complaint. Res ipsa loquitur is a rule of circumstantial evidence under which the jury may infer negligence in the absence of direct evidence to that effect. *Jackson v. H.H. Robertson Co.*, 118 Ariz. 29, 31, 574 P.2d 822, 824 (1978). The necessary conditions for a res ipsa loquitur case in Arizona are: (1) the accident must be one which ordinarily does not occur in the absence of negligence; (2) the accident must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) the accident must not have been due to any voluntary action on the part of the plaintiff or decedent; (4) plaintiff must not be in a position to show the particular circumstances that caused the agency or instrumentality to operate to his injury. *Id.* *See also Capps v. American Airlines*, 81 Ariz. 232, 234, 303 P.2d 717, 718 (1956). The plaintiff has the burden of proof as to these elements. See *Jackson*.

 The Court finds that the doctrine of res ispa loquitur is inapplicable to the case at hand. The third requirement of the res ipsa loquitur doctrine is that the accident must not have been due to any voluntary action on the part of the plaintiff or decedent. The circumstances surrounding Mr. Newkirk's exit from the train are wholly unknown to the parties in this action. Before the doctrine of res ipsa loquitur can be applied, the plaintiff must have evidence that would eliminate the conjecture that the accident resulted from an act of the plaintiff. *McKeever v. Phoenix Jewish Community Center*, 92 Ariz. 121, 123, 374 P.2d 875, 877 (1962). *See also Nieman v. Jacobs*, 87 Ariz. 44, 347 P.2d 702 (1959) ("the doctrine of res ipsa loquitur does not apply where the facts shown are equally consistent with the hypothesis that the injury sued for was caused by negligence of either party or of both combined.") There is no evidence in the record in this case that would eliminate such a conjecture. Therefore, the Court is left to hypothesize how Mr. Newkirk met his death.

The facts in this case show that the train windows were not made to open, but could be opened only by removing them, the door at the end of the last car was locked; exiting the train between cars was made impossible by an enclosed vestibule area; the entraining doors, while not locked, were closed with a snap-lock and secured with a safety handle. In order for someone to have fallen off such a train, it would

seem that the person would have had to have made a considerable effort. "People frequently fall without there being negligence of another to *cause* the fall. It may be done solely to their own negligence." *Capps v. American Airlines*, 81 Ariz. 232, 234, 303 P.2d 717, 719 (1956) (emphasis added). Because the record is devoid of any evidence of how Mr. Newkirk left the train, the plaintiff is unable to show that the accident was not due to any voluntary act of Mr. Newkirk. Therefore, the plaintiff cannot rely upon the doctrine of res ipsa loquitur in the present case.

It should be noted that under Illinois law, the doctrine of res ipsa loquitur is not applicable in this case for the same reasons discussed above. *See Lynch v. Precision Machine Shop, Ltd.*, 93 Ill.2d 266, 443 N.E.2d 569 (1982); *Silverman v. General Motors Corp.*, 99 Ill.App.3d 593, 425 N.E.2d 1099 (1981).

As stated above, the doctrine of res ipsa loquitur is a rule of circumstantial evidence allowing an inference of negligence. While the plaintiff relies solely upon this doctrine, the Court has examined the possibility that there is sufficient direct evidence of negligence and proximate cause to withstand the defendant's motion for summary judgment. In her complaint, the plaintiff implies that the defendant was negligent in not locking the entraining doors. The defendant has presented to the Court by way of deposition that these doors, although not locked by key for safety reasons, were secured by a safety handle and snap-lock. The plaintiff has presented an affidavit indicating that the doors should have been locked with a key. Assuming the plaintiff's position is correct, the plaintiff has failed to demonstrate causation because the doors could not have been opened without someone affirmatively lifting the safety handle and unlocking the snap-lock. Under such circumstances, the Court is convinced the defendant's failure to lock the doors was not the cause of the injury.

The Court is sympathetic to the plight of plaintiff and the mysterious facts surrounding her husband's death. However, the law will not impose liability on defendant unless the plaintiff can prove her case. The Court is confident that as a matter of law the plaintiff will be unable to do so.

Accordingly, the Court GRANTS the defendant's Motion for Summary Judgment. The Court DIRECTS the Clerk to enter judgment for the defendant and against the plaintiff. The case is hereby DISMISSED.

IT IS SO ORDERED.