116 F.3d 1485
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ilo EISCHEID; Mary Eischeid, Plaintiffs-Appellants,
v.
NATIONAL RAILROAD PASSENGER CORPORATION (Amtrak), Defendant-Appellee.
 No. 96-55342.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 4, 1997.
Decided June 27, 1997.
 
 Appeal from the United States District Court for the Central District of California Richard A. Paez, District Judge, Presiding
 Before: SCHROEDER, BRUNETTI and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants Ilo and Mary Eischeid ("the Eischeids") appeal from the district court's order granting summary judgment to Appellee National Railroad Passenger Corporation (Amtrak). The Eischeids challenge on appeal the district court's conclusions that (1) res ipsa loquitur does not apply to this case and (2) that the evidence is otherwise insufficient to show that Amtrak's negligence caused Ilo Eischeid to exit the train. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 California law defines the doctrine of res ipsa loquitur as "a presumption affecting the burden of producing evidence." Cal. Evid.Code § 646(b).
 
 
 4
 The presumption arises when the evidence satisfies three conditions: "(1) the accident must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff."
 
 
 5
 Brown v. Poway Unified Sch. Dist., 843 P.2d 624, 627 (Cal.1993) (quoting Ybarra v. Spangard, 154 P.2d 687, 689 (1944) (other citation omitted)). We agree with the district court that there is no evidence to show that the train's doors were within the exclusive control of Amtrak. Unlike in Emerick v. Raleigh Hills Hospital-Newport Beach, 184 Cal.Rptr. 92, 97 (Ct.App.1982), the evidence does not show that Mr. Eischeid's control of the door would not have caused the accident "but for" Amtrak's negligence. We further agree with the district court that there is no evidence to show that the incident was not due to any voluntary action or contribution on Mr. Eischeid's part. Again, unlike in Emerick, there is no basis from which to find that Mr. Eischeid's conduct was not the primary cause of the accident. See id. The district court thus correctly concluded that res ipsa loquitur does not apply in this case.
 
 
 6
 Further, the Eischeids have presented insufficient evidence to raise a triable issue as to whether Amtrak's negligence caused Ilo Eischeid to exit the train. "An action in negligence requires a showing that the defendant owed the plaintiff a legal duty, that the defendant breached the duty, and that the breach was the proximate cause of injuries suffered by the plaintiff." Ann M. v. Pacific Plaza Shopping Ctr., 863 P.2d 207, 211 (Cal.1993) (citation omitted). The door, there is no question, could not have been opened unless someone turned the handle and pulled it open. With no genuine issue as to proximate cause, Amtrak is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. Cf. Donnelly v. National R.R. Passenger Corp. (Amtrak), 16 F.3d 941, 946 (8th Cir.1994); Newkirk v. National R.R. Passenger Corp., 618 F.Supp. 1422, 1425 (S.D.Ill.1985), aff'd, 805 F.2d 1038 (7th Cir.1986).
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3