BILLINGS YAMAHA, Plaintiff and Respondent,

v.

RICK WARNER FORD, INC., a Utah corporation, Defendant and Appellant.

No. 18551.

Supreme Court of Utah.

April 30, 1984.

---

Robert Ryberg & Associates, Salt Lake City, for defendant and appellant.

Stephen Johnston, Salt Lake City, for plaintiff and respondent.

OAKS, Justice:

This is an action by the purchaser of an automobile against the dealer for rescission and damages because the car failed to perform as warranted. After a bench trial, the court found that defendant had breached its written warranty and gave the plaintiff judgment for $2,836 damages. Since we are unable to find any evidence in the record on the terms of the warranty, we reverse.

Plaintiff, a partnership, purchased a new 1976 Thunderbird from defendant in July of 1976 for approximately $11,500. According to the testimony of Delyle Billings, one of plaintiff's principals, the car developed problems with the carburetor, which resulted in stalling. This stalling would cause the power brakes and power steering to fail, making it very difficult to steer the car or to bring it to a halt. On several occasions, this resulted in what Billings considered life-threatening situations for himself and his wife.

Billings brought the problem to the attention of defendant's service department. He testified that he left the car with the dealer a total of nine times during the sixteen months he had the car. The last time was in November of 1977, when the car had been driven over 16,000 miles. When he and Mrs. Billings retrieved the car, the stalling recurred within a few blocks of the dealership. They immediately returned to defendant's service department, where Billings informed defendant's service manager that the problem seemed unsolvable and that he no longer desired to keep the car. Billings never again contacted defendant about the car. Instead, he instigated this action.

At the trial, Billings testified that he had received a 12,000-mile/one-year warranty with the car. Billings also testified that he purchased an extended five-year/50,000-mile warranty on the drive train and engine. (The findings of the trial court do not indicate whether defendant breached the original warranty or the extended warranty.) Defendant does not dispute the

fact that warranties were made to the plaintiff. However, no copy of either warranty was introduced in evidence at trial, and none of the witnesses testified about the contents of the warranties. Defendant moved for dismissal at the close of plaintiff's case. The motion was denied.

In the posture of this case, we must reverse. The finding of breach of warranty is not supported by substantial evidence in the record. There is no evidence to show that the defect complained of was covered by either warranty or that the remedy granted by the trial court was appropriate to the terms of the warranty.

We cannot sustain a finding of breach of a written warranty where there is no written copy of the warranty in the record on appeal and where there was no oral testimony covering its terms.[1] *Rocky Mountain Fire and Casualty Co. v. Biddulph Oldsmobile*, 131 Ariz. 289, 294, 640 P.2d 851, 856 (1982). *See generally Ellis v. Hale*, 13 Utah 2d 279, 373 P.2d 382 (1962) (action for breach of title insurance provisions properly dismissed where neither the provisions nor a copy of the policy was in the record); *Miller v. Andy Burger Motors, Inc.*, Mo.App., 370 S.W.2d 654, 659 (1963) (failure of proof as to limitation of warranties).

In addition, we know from the record that the defendant dealer conspicuously and expressly excluded warranties of fitness and merchantability. The Installment Sale and Security Agreement contains a disclaimer in bold print just above the signatures of Billings and his wife. In addition, Mrs. Billings signed the purchase order, which contains two paragraphs of disclaimer, also in bold print (though on the reverse side). This is not a case where the seller hid its disclaimer in fine print, such as in *Christopher v. Larson Ford Sales, Inc.*, Utah, 557 P.2d 1009 (1976), relied upon by the dissent. Here, the disclaimer was in bold print on two different sales docu-

ments, one of which contained the limitation directly above the buyers' signatures. Nor is this a case where the buyer was inexperienced or unfamiliar with commercial practices. This buyer was a dealer in motor vehicles (motorcycles).

As a matter of law, these disclaimers effectively limited plaintiff's remedy to the manufacturer's express warranties, discussed above. U.C.A., 1953, § 70A-2-316. *See Fry v. Duce Sporting Goods, Inc.*, Utah, 547 P.2d 1338 (1976). The dissent's suggestion that we remand for findings on implied warranty is therefore inappropriate.

The judgment for plaintiff is reversed, and the case is remanded with directions to enter judgment for defendant. Costs to appellant.

HALL, C.J., and DAVID SAM, District Judge, concur.

STEWART, J., does not participate herein.

SAM, District Judge, sat.

HOWE, Justice (dissenting):

I dissent. The majority opinion errs in placing the burden of producing the written warranty on the plaintiff since it was not relied upon by plaintiff as part of its case but was interposed by the defendant as a defense.

The complaint of the plaintiff was based on a breach of an implied warranty of merchantability. Specifically, paragraph 6 of the complaint alleged that "said vehicle is unfit and unsafe for the purpose for which all parties knew said vehicle was to be used." Cf. U.C.A., 1953, § 70A-2-314. The defendant filed an answer containing only a general denial. However, in his opening statement to the court at the commencement of the trial, counsel for the defendant in outlining the legal issues in the case stated that his client would show through evidence that there was a limited

---

1. This is not a case of an oral warranty whose contents were proven at trial. *Compare Groen v. Tri-O-Inc., Utah,* 667 P.2d 598 (1983).

written warranty for the first 12 months or 12,000 miles which excluded all implied warranties. This written warranty was limited to the making of necessary repairs. Counsel specifically stated:

We will also show that this car had an exclusive and limited warranty of 12,000 miles or 12 months and that Billings had purchased an extended warranty just to the drive train .... But the real issues here are legal issues dealing with implied warranty, merchantability, fitness and their exclusion and limitation under Utah law and how that should apply to the parties in this case.

During the course of the trial, counsel for both parties in their examination of witnesses made references to a written 12,000-mile or 12-month express warranty by Ford Motor Co. and to an extended warranty purchased by the plaintiff for an additional $225 which increased the basic warranty to 5 years or 50,000 miles on the engine and drive train. Mr. Billings testified that these two written warranties were left in the glove box of the automobile which he returned to the defendant when it was unable to repair the automobile so that it would operate safely and properly. Although defendant relied upon the basic warranty given by Ford Motor Co. as excluding all other warranties, express and implied, it did not offer into evidence a copy of that warranty or the extended warranty. There was admitted into evidence, however, a copy of the purchase order and sales contract on which was printed an exclusion of all warranties except the basic warranty of Ford Motor Co. At closing arguments counsel for the defendant argued that the plaintiff was bound by the printed exclusions and that if plaintiff was entitled to any redress on the written warranties, it would have to obtain it from the manufacturer, Ford Motor Co., and not from the dealer defendant. Plaintiff argued that the exclusionary language was not conspicuous so as to comply with § 70A-2-318 and the language was not called to the attention of the purchasers at the time of sale. Plaintiff relied heavily upon *Christopher v. Larson Sales*, Utah, 557 P.2d 1009 (1976) where we held that an exclusion of the implied warranty of merchantability would not be effective where it was in fine print on the back side of a sales contract, absent evidence that it was called to buyer's attention.

The trial court ruled in favor of the plaintiff based on the 12,000-mile or 1-year warranty. I agree with the majority that the judgment cannot be sustained on the basis of a written warranty which was not introduced and admitted into evidence. However, it is equally true that the defendant cannot defend on the strength of an express warranty which it failed to introduce into evidence. The plaintiff in its complaint pleaded breach of an implied warranty and tried the case on that theory. An express warranty which was referred to throughout the trial but never introduced into evidence by the defendant should not be allowed to defeat the plaintiff's claim. The trial court did not make any findings of fact as to whether there was a breach of an implied warranty since it went off on the theory of an express warranty. The error of the court should not rob the plaintiff of the fruits of the trial if the judgment can be otherwise sustained. I would therefore remand the case to the trial court to make findings of fact as to whether there was a breach of an implied warranty. This does no injustice to the defendant since it concedes in its brief on appeal that the issue for trial was whether the defendant sold an automobile to the plaintiff which was unfit. Defendant agrees that the trial court erred in making a judgment based upon breach of a written warranty. Indeed, defendant's first point on appeal is that it had no notice that breach of a written warranty would be an issue and it did not prepare a defense thereto.

The majority opinion errs in remanding this case with directions to enter judgment for the defendant. The disclaimer of implied warranties which the majority relies on for dismissal is ineffective in the absence of proof of an express warranty and its terms. This Court has long adhered to the rule that if a judgment of the district

court can be sustained on a theory presented to that court even though it may be a different basis than that which it relied upon, we will do so. The district court should be given the opportunity as finder of the facts to determine whether there was a breach of an implied warranty as plaintiff contended.

Furthermore, even if we ignore the fact that the written warranty defendant relied upon as a defense was never introduced into evidence and if we assume that the disclaimer provisions in the purchase order and sales agreement complied with § 70A-2-318 as the majority contends, it was still a question to be determined by the district court whether the express warranty failed of its essential purpose thereby entitling the plaintiff to rely on the implied warranties, as provided for in § 70A-2-719(2) and as illustrated by the case of *Devore v.*

*Bostrom,* Utah, 632 P.2d 832 (1981). Plaintiff presented evidence of failure of express warranty to repair by showing that during the seventeen months after purchase, the automobile was in the defendant's shop for repairs on nine separate occasions and plaintiff was deprived of its use for approximately two to two and one-half months while the car was undergoing repairs.

DURHAM, J., concurs with the dissenting opinion of HOWE, J.