506 P.2d 657

**TUCSON GAS & ELECTRIC COMPANY,**
Appellant and Cross-Appellee,

v.

**Ira LARSEN, Appellee and Cross-Appellant.**

**No. 2 CA–CIV 1229.**

Court of Appeals of Arizona,
Division 2.

Feb. 22, 1973.

Rehearing Denied March 28, 1973.

Review Denied April 24, 1973.

Lesher & Scruggs by Monte C. Clausen, Tucson, for appellant and cross-appellee.

John Wm. Johnson, Tucson, for appellee and cross-appellant.

HATHAWAY, Chief Judge.

The plaintiff, Ira Larsen, brought suit for damages to his automobile alleging that the defendant, Tucson Gas & Electric Company, negligently installed and maintained "certain of its poles and transmission lines thereby causing the same to fall across the roadway where they were struck by the automobile of the plaintiff." The plaintiff was awarded damages in the sum of $511.41 after trial to the court sitting without a jury.

The defendant appealed contending that the trial court improperly applied the doctrine of *res ipsa loquitur*. The plaintiff has cross appealed contending that the damages were inadequate as a matter of law.

On September 4, 1970, plaintiff's car, driven by his son Lee near the intersection of Ruthrauff Road and Cholla Blvd. in Tucson, Arizona, came in contact with the defendant's guy wire which had dropped across the highway as a result of a broken power pole. Upon approaching the scene of the accident from the west, Lee observed another vehicle which was headed easterly stopped on the roadway; there was evidence that the other vehicle may have also been involved in an accident.

For guidance on the *res ipsa loquitur* question, both parties rely on Capps v. American Airlines, Inc., 81 Ariz. 232, 303 P.2d 717 (1956), in which our Supreme Court set down the following requirements for application of the doctrine:

"1. the accident must be of a kind which ordinarily does not occur in the absence of some one's negligence;

2. it must be caused by an agency or instrumentality within the exclusive control of defendant;

3. it must not have been due to any voluntary action on the part of the plaintiff;

4. plaintiff must not be in a position to show the particular circumstances which caused the offending agency or instrumentality to operate to his injury." 81 Ariz. at 234, 303 P.2d at 718. *See also* O'Donnell v. Maves, 103 Ariz. 28, 436 P.2d 577 (1968); Eaton Fruit Co. v. California Spray-Chemical Corp., 103 Ariz. 461, 445 P.2d 437 (1968).

■ The first requirement involves nothing more than a weighing of the probabilities as to the cause of certain events; if the probabilities weigh heavily in favor of the event having been negligently caused, then *res ipsa* applies. The doctrine permits the trier of fact to rely on its common knowledge and to infer that certain events do not ordinarily occur unless someone has been negligent. The facts must justify the conclusion that negligence is the most likely explanation for the occurrence. Prosser, Law of Torts § 39 (4th Ed. 1971).

■ We conclude that the doctrine of *res ipsa loquitur* was applicable under the facts of the instant case. Concededly many explanations may be advanced when a power pole falls and throws the guy wire across a road. However, the most likely in

the absence of other evidence, is that those in charge of the pole have been negligent in its installation or maintenance. They have exclusive control and knowledge of all records relating to the age and condition of the pole, the type and frequency of inspection and service, and are better equipped to refute the inference of negligence, if the event in fact occurred for a reason other than negligence.

■ Defendant argues that exclusive control, a necessary element in the application of the doctrine, was not present because the automobile, a factor in the occurrence, was in the plaintiff's control. We are not impressed with this argument because it loses sight of the meaning of this element of the doctrine. The "control" with which the doctrine is concerned, is that control exercised over the offending instrumentality, which in this case was the guy wire. There is no question that the defendant was in exclusive control of the installation of the guy wire and power pole.

■ Defendant also argues that an automobile was parked on the other side of the roadway at the time Lee Larsen collided with the guy wire and the parked automobile seemed to have been involved in an accident which might have broken the post and caused the dangerous condition. This possibility was unsupported by the evidence and all facts seem to indicate the contrary. There was testimony by a deputy sheriff that the other car on the roadway might have been involved in an accident, but no evidence was presented which would indicate that the prior accident caused the guy wire to fall across the road. The earlier accident conceivably could have been caused by the same obstruction in the roadway that caused the accident in the instant case. The custodian of records for the Sheriff's office testified that there had been no accident report on the night in question other than the one litigated in the case at bench. The evidence in no manner indicated that anyone other than the defendant had been responsible, nor is there any evidence that the plaintiff's son contributed to the accident.

■ The cross appeal raises an issue with respect to the basis of the trial court's award of damages. We have reviewed the record and have been unable to find where this issue was presented to the trial court. Questions relating to the amount of recovery or extent of the relief granted will not be considered on appeal unless previously presented to the trial court on motion for new trial. Roche v. Casissa, 154 Cal.App. 2d 785, 316 P.2d 776 (1957); Schrib v. Seidenberg, 80 N.M. 573, 458 P.2d 825 (1969).

The judgment is affirmed.

KRUCKER and HOWARD, JJ., concur.