703 P.2d 1247

**Laura RUIZ, Plaintiff/Appellant,**

**v.**

**OTIS ELEVATOR, Defendant/Appellee.**

**No. 2 CA–CIV 5342.**

Court of Appeals of Arizona,
Division 2, Department A.

June 5, 1985.

Stompoly & Even by John G. Stompoly and David L. Horley, Tucson, for plaintiff/appellant.

Struckmeyer & Wilson by Donald R. Wilson, Phoenix, for defendant/appellee.

OPINION

HOWARD, Judge.

The facts, considered in the light most favorable to the plaintiff, show that she was injured when an automatic elevator in the Pima County Health and Welfare building, designed, manufactured, installed and

maintained by the defendant, prematurely closed on her, causing bodily injury. The elevator doors were equipped with a detector device which was supposed to stop the doors from closing on anyone, but apparently the device failed to work in this case.

The elevator was installed in 1975 and plaintiff's injury occurred on July 29, 1981. Prior to her injury, the service records for the elevator disclosed that there were four specific references to problems with the detector: January 24, 1975; April 1, 1980; October 21, 1980; and February 3, 1981.

Defendant had the maintenance contract with Pima County. All maintenance on the elevator, except for changing a light bulb, was done by defendant. The service manual provided to Otis Elevator maintenance workers stated that during every inspection the maintenance man was to observe the electronic detector and reversal devices.

Plaintiff, an employee of Pima County, brought this action against defendant on the basis of negligence and strict liability. At a hearing before the trial court on various motions, the parties agreed that the defendant could make an oral motion for summary judgment. The defendant did so on the grounds that the plaintiff had no expert opinion evidence showing either a design defect or a manufacturing defect and that res ipsa loquitur did not apply because the elevator was not in the total and absolute control of Otis and because plaintiff's conduct was voluntary. The trial court granted the defendant's motion. We reverse.

 The granting of summary judgment is proper only where two prerequisites have been met: (1) After examining the entire record, there is *no genuine dispute as to any material fact and only one inference can be drawn from the undisputed material facts;* (2) based upon the undisputed material facts the moving party is entitled to judgment as a matter of law. *Nicoletti v. Westcor, Inc.,* 131 Ariz. 140, 639 P.2d 330 (1982). Summary judgment is not designed to resolve factual issues nor is it a substitute for trial, even in the interest of the efficient administration of justice. *Nicoletti v. Westcor, Inc.,* supra.

The doctrine of res ipsa loquitur has been applied in several cases involving automatic elevators. In *Otis Elevator Company v. Seale,* 334 F.2d 928 (5th Cir.1964) the plaintiff entered an elevator on the eleventh floor and pressed the first floor button. The lights went out in the elevator and it plunged from the 11th floor to a point between the eighth and ninth floors, injuring the plaintiff. The court held that res ipsa loquitur applied in view of Otis' contract to service the elevator and the understanding between Otis and the owner that no one was to perform any work or repairs on it except Otis. We note that in the case sub judice, there was no evidence that the county performed any work on the elevator, there was an exclusive maintenance contract with Otis, and there was no evidence that the devices which controlled the opening and closing of the elevator were accessible to anyone except Otis.

*Knight v. Otis Elevator Company,* 596 F.2d 84 (3rd Cir.1979) involved the premature closing of a door in an automatic elevator. Otis installed the elevator and had the maintenance service contract. Plaintiffs sued on the theories of strict liability, breach of warranty and negligence. As far as the negligence issue was concerned, plaintiff's theory was that Otis had agreed with the owner to install, service, maintain and repair the elevator and that this was negligently done. The plaintiff asserted that any service and maintenance inspection, if carefully done, would have revealed the dangerous condition that required correction. The court held that this theory was valid, stating that the question whether the elevator was in a defective or dangerous condition discoverable by reasonable inspection was for the jury. The court further held that the doctrine of res ipsa loquitur applied because the determination of whether the premature closing of the

elevator doors does not usually occur unless the defendant is negligent was a question of fact for the jury.

*Ferguson v. Westinghouse Electric Corporation,* 408 So.2d 659 (Fla.App.1981) involved the sudden dropping of an elevator. Plaintiff sued both the manufacturer and owner, relying on res ipsa loquitur. The trial court directed a verdict in favor of the defendants. The appellate court reversed, finding that the doctrine of res ipsa loquitur applied. See also *Bond v. Otis Elevator Company,* 388 S.W.2d 681 (Tex.1965).

The question of whether res ipsa loquitur applies in an automatic elevator case was decided by Division One of this court in *First National Bank of Arizona v. Otis Elevator Company,* 2 Ariz.App. 80, 406 P.2d 430 (1965), *rehearing denied,* 2 Ariz. App. 596, 411 P.2d 34 (1966). There the plaintiff was struck and knocked to the floor by the closing doors of an automatic elevator as she was entering it. She sued the bank and Otis and the bank cross-claimed against Otis. After the trial commenced, plaintiff moved to dismiss the action against Otis and the court granted her motion to dismiss with prejudice after counsel for the bank and counsel for Otis stipulated in chambers that this dismissal would have no effect on the cross-claim of the bank against Otis.[1]

■ Plaintiff received an award for damages against the bank which the bank appealed contending that the case could not go to the jury on the basis of res ipsa loquitur. The appellate court disagreed. It first set forth the requisites of the doctrine of res ipsa loquitur. They are: (1) The accident must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality

within the exclusive control of the defendant; (3) it must not have been due to any voluntary action on the part of the plaintiff; (4) the plaintiff must not be in a position to show the particular circumstances which caused the offending agency or instrumentality to operate to his injury.

■ The court applied each requirement to the facts. First, it found that elevator doors do not hit people in the absence of someone's negligence. The answer to whether or not the particular type of accident was of a kind which ordinarily would not have occurred in the absence of someone's negligence, in borderline cases, is properly left to the jury. Second, as far as the control issue is concerned, although the doctrine speaks of "exclusive control" the application of the doctrine against two or more defendants where there is joint control is appropriate. See also *Ferguson v. Westinghouse Electric Corporation,* supra. As for the requirement that there be no voluntary action on the part of the plaintiff, the court found that attempting to enter the elevator was not the type of voluntary action contemplated by the prohibition in test number three. Finally, as far as the fourth requirement was concerned, neither party disputed its applicability to the case.

■ It is abundantly clear here that although Pima County owned the elevator, it was controlled jointly by Pima County and Otis and the trial court erred in concluding that the doctrine of res ipsa loquitur did not apply and that the plaintiff could not proceed against the defendant on the basis of ordinary negligence.[2]

■ The trial court also erred when it found that the plaintiff did not make out a case of strict liability because she failed to

---

1. This action was brought prior to the full development in our state of the doctrine of strict liability and before our decision in *Caruth v. Mariani,* 11 Ariz.App. 188, 463 P.2d 83 (1970) in which we held that the doctrine of strict liability applied to a bystander.

2. Generally on the issue of the application of res ipsa loquitur to automatic elevator cases, see Annot. 6 A.L.R.2d 391 (1949); 63 A.L.R.3d 893 (1975); 7 A.L.R.4th 852 (1981); 26 Am.Jur.2d Elevators and Escalators §§ 67–69 (1968).

present any opinion evidence on what the specific defect was. In a case such as we have here, a premature closing of the doors, proof of a specific defect is not required. The malfunction may itself, in the absence of abnormal use and reasonable secondary causes, be sufficient evidence of a defect to make the existence of the defect a jury question. *Knight v. Otis Elevator Company*, supra. See also *Dietz v. Waller*, 141 Ariz. 107, 685 P.2d 744 (1984).[3]

Reversed.

BIRDSALL, P.J., and FERNANDEZ, J., concur.

---

3. We also note that in *First National Bank of Arizona v. Otis Elevator Company*, supra, the court allowed First National Bank to receive indemnification from Otis Elevator based on the theory of strict liability for breach of statutory implied warranty of fitness. As we have previously noted, the *First National Bank* case was decided prior to the development of the theory of strict liability in this state. Presumably, had that case been decided after our decision in *Caruth v. Mariani*, supra, the plaintiff could have proceeded against Otis on the basis of strict liability without any expert opinion as to the cause of any defect.