66 F.3d 334
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Karen DUNN, Peter Mori, Margrit More, Beat and Adrian
Brunner, Brunner, Plaintiffs-Appellants, Cross-Appellees,
v.
GRAND CANYON AIRLINES, INC. an Arizona corporation, Windrock
Aviation, Inc. an Arizona corporation, Ben Beagle, husband,
Josephine Beagle, Wife, Allied Signal, Inc. a Delaware
corporation, Cessna Aircraft Co., a Kansas corporation, Kel
Pak Industries, Inc. a California corporation, Aero
Mechanics, Inc., an Arizona corporation,
Defendants-Appellees, Cross-Appellants.
Peter MORI, and Margrit Mori, wife; Margrit Mori, and Beat
Brunner, and as natural father and legal guardian
of Adrian Brunner, Plaintiffs-Appellants,
v.
ALLIED SIGNAL, INC., a Delaware corporation; Grand Canyon
Airlines, Inc., an Arizona corporation; Cessna Aircraft
Co., a Kansas corporation; Kel Pak Industries, Inc., a
California corporation; Teledyne Continental Motors, a
Delaware corporation; Aero Mechanics, Inc., an Arizona
corporation; Windrock Aviation, Inc., an Arizona
corporation; Ben Beagle, husband, Josephine Beagle, Wife;
Arizona Air Craftsman, Inc., an Arizona corporation,
Defendants-Appellees.
Peter MORI, and Margrit Mori, wife, Plaintiffs-Appellees,
v.
GRAND CANYON AIRLINES, INC., an Arizona corporation,
Defendant-Appellant.
 Nos. 93-16594, 93-16762, 93-16889.
United States Court of Appeal, Ninth Circuit.
Argued and Submitted March 14, 1995.
Decided Sept. 14, 1995.
 
 Before: FLETCHER, REINHARDT and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This appeal is from a judgment based upon a jury verdict awarding damages resulting from an airplane crash near the Grand Canyon in April 1990. Appellant Grand Canyon Airlines, Inc., which performed all maintenance on the plane, contends that the district court erred in giving the jury a res ipsa loquitur instruction, in excluding certain evidence, in giving the jury a single verdict form, and in refusing to permit a finding of fault on the part of Cessna, the manufacturer of the plane. On cross-appeal, appellee Karen Dunn ("Dunn") and appellees Peter and Margrit Mori and Beat and Adrian Brunner ("Mori"), passengers on the plane, claim errors in the district court's refusal to give a jury instruction on joint and several liability and in its denial of their motions for judgment designating Grand Canyon liable for all damages except those arising from pilot error. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 BACKGROUND
 
 3
 The appellees were passengers on a small airplane, the Rocky IV, that was returning from a tour of the Grand Canyon when its engine stopped abruptly in midair and the plane crashed. The appellees suffered injuries ranging from broken bones to permanent brain damage. Lloyd Hedges, the pilot, was also injured and remembers nothing about the flight or the crash. Although an investigation by the National Transportation Safety Board (NTSB) pointed to misadjustment of the plane's absolute pressure controller (APC) as a likely cause of the crash, Grand Canyon, which maintained the plane under a contract with the plane's owner and operator, Windrock Aviation, Inc., blamed pilot error.
 
 
 4
 Five of the six passengers and the pilot sued a host of companies and individuals involved in the manufacture, maintenance, and operation of the plane. Their cases were consolidated, and the plaintiffs settled with most defendants before or during trial.
 
 
 5
 Two theories of the cause of the crash were presented during the three-and-a-half-week trial. Windrock and Hedges contended that Grand Canyon had negligently adjusted or maintained the APC; as a result, oil had entered the engine and caused it to fail. Grand Canyon contended that Hedges had caused the engine to run out of fuel by failing to switch fuel tanks, that the engine had stalled, and that Hedges had flooded the engine while attempting to restart it.
 
 
 6
 Over Grand Canyon's objection, the district court instructed the jury on res ipsa loquitur with respect to the passengers' claims. It instructed the jury that alternatively it could find that the defendants were negligent. With respect to plaintiff Hedges's claim, the court gave an instruction on negligence only.
 
 
 7
 The jury returned a verdict for all plaintiffs against both Windrock and Grand Canyon, and awarded $9.2 million in damages. It apportioned 70 percent of fault for the passengers' injuries to Grand Canyon and 30 percent to Windrock. It apportioned 5 percent of Windrock's fault to Hedges. Windrock and its owners, Ben and Josephine Beagle, settled with the passengers while the jury was deliberating. Grand Canyon settled with Hedges after the verdict.
 
 
 8
 Grand Canyon appeals the verdict for the passengers, asserting that the trial court erred in (1) giving a res ipsa loquitur instruction for the passengers' claims, (2) excluding photographic evidence intended to show that the APC had never been adjusted by Grand Canyon, (3) excluding expert testimony regarding rates of fuel consumption, (4) denying Grand Canyon's request to name Cessna as a nonparty at fault, and (5) declining to furnish separate verdict forms for the passengers and the pilot. In their cross-appeals, the appellees claim that the court erred in refusing to give an instruction on joint and several liability and in denying their motions for entry of judgment designating Grand Canyon liable for all damages arising from Windrock's share of fault except for the 5 percent of fault attributed to Hedges.
 
 DISCUSSION
 I. Appeal
 
 9
 a. Res Ipsa Loquitur Instruction
 
 
 10
 Whether res ipsa loquitur may be applied to a given set of facts is a question of state law, and is reviewed de novo. In re Kirkland, 915 F.2d 1236, 1238 (9th Cir.1990); Ashland v. Ling-Temco-Vought, Inc., 711 F.2d 1431, 1437 (9th Cir.1983). Whether or not the facts necessary to establish the elements of the doctrine are present is a question of fact reviewed for clear error. Id. at 1438; Campbell v. Wood, 18 F.3d 662, 681 (9th Cir.), cert. denied, 114 S.Ct. 2125 (1994).
 
 
 11
 Under Arizona law, res ipsa loquitur is applicable when 1) the accident is one that ordinarily does not occur absent negligence, 2) the accident was caused by an agency or instrumentality within the defendant's exclusive control, and 3) the plaintiff is not in a position to show the particular circumstance that caused the offending agency or instrumentality to cause his or her injury. Capps v. American Airlines 303 P.2d 717, 718 (Ariz.1956).[1] Grand Canyon contends that the appellees failed to establish each of these elements.
 
 
 12
 Grand Canyon argues that the plaintiffs were required to show that the crash ordinarily would not have occurred absent negligent maintenance. It contends that at best they established only that the accident would not have occurred without negligent maintenance, pilot error, or another negligent act by one of the defendants dropped from the lawsuit.
 
 
 13
 Grand Canyon misstates the showing of negligence that is required for res ipsa loquitur to apply in Arizona. A plaintiff must demonstrate only that it was more probable than not that an injury would not occur absent negligence.[2] Byars v. Arizona Pub. Serv. Co., 539 P.2d 534, 540 (Ariz.Ct.App.1975). See also McDonald v. Smitty's Super Valu, 757 P.2d 120, 125 (Ariz.Ct.App.1988) (allowing res ipsa loquitur instruction when lunch counter seat collapsed although plaintiff did not pinpoint cause).
 
 
 14
 Furthermore, the passengers did establish the probability that negligent maintenance caused the accident. An investigator for the NTSB testified that the APC had been misadjusted, and as a result oil had flowed into the APC and mixed with the fuel. In post-crash tests, he testified that engineers for Garrett Industries, the designer and manufacturer of the APC, found oil in the APC's upper chamber and on the spark plugs, and an unseated O-ring in the APC that would keep oil from the APC's and engine's air chambers. The engineers also concluded that the pressure readings of the APC were inaccurate due to the faulty position of the device's set screw. In addition, the Grand Canyon mechanic who worked on the plane had failed to log some maintenance activities, had neglected to remove a dust cover from the plane's engine, and reported memory lapses on his part.
 
 
 15
 Meanwhile, there were holes in Grand Canyon's theory of pilot error. Although an inspector for Cessna found the right fuel tank empty, the NTSB found fuel in the plane's right and left reservoir tanks and throughout the plane's fuel system. Cessna's inspector in his testimony ruled out lack of fuel as a cause of the crash.
 
 
 16
 We conclude the evidence was sufficient to satisfy the first prong of Capps. See also Ruiz v. Otis Elevator, 703 P.2d 1247, 1250 (Ariz.Ct.App.1985) (in borderline cases, whether or not accident is of a type that does not usually occur absent negligence is properly left to jury).
 
 
 17
 Grand Canyon next contends that the passengers failed to show that the plane was in Grand Canyon's exclusive control. Even if the crash had been caused by negligent maintenance, it notes that it maintained the plane for only eight months before the crash. If negligent piloting were the cause, it observes that Windrock had exclusive control over piloting.
 
 
 18
 We reject these arguments. First, Grand Canyon would be charged with responsibility for detecting and correcting any problems with the engine. See McDonald, 757 P.2d at 123 (holding defendant store owner had full opportunity to inspect chair and ascertain defective condition). Second, in the face of apparent negligence by someone, the plaintiffs should not be the ones required to establish the liability of the defendants vis-a-vis one another. This is a classic case for res ipsa loquitur. In Jackson v. H.H. Robertson Co., Inc. 574 P.2d 822 (Ariz.1978), the Arizona Supreme Court upheld a res ipsa loquitur instruction against two defendant companies that had handled some steel flashing that fell on the plaintiff at a construction site. While Grand Canyon finds the case distinguishable on the ground that the Jackson defendants jointly placed the flashing, the court explicitly rejected a requirement of joint simultaneous control. See also Ruiz, 703 P.2d at 1250 (finding that ownership and maintenance contract established joint control over elevator despite plaintiff's inability to prove specific negligence).[3]
 
 
 19
 Grand Canyon also asserts that the passengers had the ability to discover the specific act of negligence, because they must have had evidence of negligence against all of the defendants with whom they settled, and they had access to investigative reports about the crash. First, whether the passengers had solid evidence of negligence by other parties is a matter of speculation. Second, the results of the NTSB investigation were inconclusive.
 
 
 20
 We conclude that the evidence offered at trial concerning misadjustment of the APC did not preclude a res ipsa loquitur instruction. In Arizona, a plaintiff who offers some evidence of negligence may also rely upon res ipsa loquitur "except in the clearest cases" of specific negligence. Throop v. F.E. Young and Co., 382 P.2d 560, 569 (Ariz.1963). See also Pickwick Stages Corp. v. Messinger, 36 P.2d 168, 172 (Ariz.1934) (holding plaintiff not deprived of right to res ipsa loquitur by having averred particular act of negligence when such act is one upon which inference of negligence is to be established).[4]
 
 
 21
 b. Failure To Admit Evidence
 
 
 22
 A district court's exclusion of evidence is reviewed for abuse of discretion. Coursen v. A.H. Robins Co., 764 F.2d 1329, 1333 (9th Cir.1985). On appeal, a ruling that excludes evidence, even if an abuse of discretion, will not be overturned if the error is harmless. Bank of the West v. Commercial Credit Fin. Servs., Inc., 852 F.2d 1162, 1165 n. 2 (9th Cir.1988).
 
 
 23
 Grand Canyon's fuel starvation theory was based upon the premise that the right fuel tank was empty when the crash occurred. To demonstrate this, it sought to show how much fuel was originally on board and how much had leaked out or had been consumed, and then to demonstrate that all of the remaining fuel was in the left tank. However, the district court refused to allow Grand Canyon to question its expert witness about his method of calculating the amount of fuel that leaked from the left tank after the crash, because it was unknown how long fuel leaked from the left tank before the leak was plugged by a fireman.
 
 
 24
 Even if the district court abused its discretion, its error was harmless. The defense expert was permitted to testify that as much as 25 gallons--or all the remaining fuel--could have leaked out by the time the fireman plugged the leak. In addition, the NTSB found fuel in both reservoir tanks and throughout the fuel system, indicating that the plane was not out of fuel when it crashed.
 
 
 25
 Grand Canyon also objects to the exclusion of a post-crash photograph of the APC. A representative of KelPak, the APC overhauler, testified that when the APC left the KelPak factory, the visible heads of the screws on the device were covered with red torque putty, or lacquer seal. Grand Canyon attempted to introduce a Federal Aviation Administration photograph taken after the crash purportedly showing the seals intact.
 
 
 26
 The district court did not abuse its discretion in excluding the photograph, which had not been listed as a trial exhibit, and had not been offered while the KelPak representative was still available to testify whether his company had applied the lacquer in the photograph. Grand Canyon failed to provide any foundation for its assertion that the photograph portrayed undisturbed lacquer applied at the factory.
 
 
 27
 c. The Verdict Form
 
 
 28
 Grand Canyon contends that the district court erred in refusing to list Cessna on the verdict form as a nonparty at fault. It argues that there was evidence at trial that following instructions in the Cessna owner's manual to use the plane's high boost pump during the climb-out before the crash would have created an over-rich fuel condition that could have caused engine stoppage. Grand Canyon relies on A.R.S. Sec. 12-2506(B), which requires the trier of fact to "consider the fault of all persons who contributed to the alleged injury," and provides that the fault of a nonparty may be considered regardless of notice to the plaintiff "if the plaintiff entered into a settlement agreement with the nonparty."
 
 
 29
 A party is entitled to an instruction concerning his or her theory of the case if the theory is supported by law and has some foundation in the evidence. Del Madera Properties v. Rhodes and Gardner, Inc., 820 F.2d 973, 978 (9th Cir.1987).
 
 
 30
 In response to an interrogatory, Grand Canyon stated that negligence by Windrock and Hedges were the sole causes of the crash. Grand Canyon never sought to amend this response. The only "evidence" of Cessna's fault presented at trial was admissions by two plaintiffs' witnesses on cross-examination that following the owner's manual instructions could lead to engine stoppage. However, neither witness stated that such actions caused this crash. Further, there was no evidence that the pilot followed the instructions in the manual.
 
 
 31
 Grand Canyon also argues that the jury might have been confused by the single verdict form for both the pilot's and the passengers' claims, given that the res ipsa loquitur instruction applied only to the passengers' claims. However, only the pilot could have gained an advantage from the single verdict form. Thus, any error would be harmless with respect to the passengers' verdict at issue here.
 
 II. Cross-Appeal
 
 32
 Appellees argue that the trial court erred in failing to instruct on joint and several liability and in denying their motions for entry of judgment designating Grand Canyon liable for all damages except those attributable to Hedges. We disagree.
 
 
 33
 No instruction on joint and several liability was warranted because Arizona has abolished joint and several liability. A.R.S. Sec. 12-2506(D). While "[a] party is responsible for the fault of another person ... [if] the other person was acting as an agent or servant of the party," A.R.S. Sec. 12-2506(D)(1), the appellees have cited no Arizona authority indicating that Grand Canyon as an agent of Windrock may be liable for the actions of Windrock, the principal.
 
 CONCLUSION
 
 34
 The district court did not err in giving a res ipsa loquitur instruction, in excluding photographic evidence, or in refusing to name Cessna in the jury instructions as a nonparty at fault. The trial court's exclusion of testimony concerning fuel consumption and refusal to provide separate verdict forms for the passengers and the pilot were, at most, harmless errors. In light of Arizona's adoption of pure comparative fault, the trial court did not err in failing to instruct the jury on joint and several liability or in denying the plaintiffs' motions for entry of judgment holding Grand Canyon jointly liable for Windrock's share of damages less those attributable to Hedges. The judgment is
 
 
 35
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 A fourth Capps element, that the accident was not due to any voluntary act by the plaintiff, has not been recognized in Arizona since the adoption of comparative fault in 1984
 
 
 [2]
 It could be faulty maintenance, pilot error, or any of many causes, with no need for specification by the plaintiff
 
 
 [3]
 Two cases cited by Grand Canyon are inapposite. In Falcher v. St. Luke's Hosp. Medical Ctr., 506 P.2d 287, 290 (Ariz.1973), the court held that the plaintiff failed to satisfy the first prong of the Capps test. In Blackhawk Hotels Co. v. Bonfoey, 227 F.2d 232 (8th Cir.1955), which held that res ipsa loquitur was not applicable to a defendant company that maintained an elevator, the plaintiff's theory was not negligent maintenance, but that the elevator operator was negligent
 
 
 [4]
 Mori argues that any error in the res ipsa instruction would be harmless because the jury had to find Grand Canyon negligent in order to return a verdict for Hedges. Thus, the jury also could have based its verdict for the passengers upon negligence. This may be so, but we need not decide because we conclude that the res ipsa loquitur instruction was justified