NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ELIZABETH D. MARTIN and WALTER MARTIN, a married couple,
*Plaintiffs/Appellants*,

*v.*

ROYAL SIGN COMPANY, INC., an Arizona corporation,
*Defendant/Appellee*.

No. 1 CA-CV 14-0743
FILED 5-10-2016

Appeal from the Superior Court in Maricopa County
No. CV2011-080284
The Honorable David M. Talamante, Judge

**AFFIRMED**

COUNSEL

James F. Brook and Associates, Phoenix
By James F. Brook
*Counsel for Plaintiffs/Appellants*

Law Offices of Joseph A. Kula, Scottsdale
By William C. Knoche
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Randall M. Howe joined.

---

**T H U M M A**, Judge:

¶1 Plaintiffs Elizabeth and Walter Martin appeal from the grant of summary judgment dismissing their negligence claims against defendant Royal Sign Company, Inc. Because the Martins have shown no error, the judgment is affirmed.

## FACTS[1] AND PROCEDURAL HISTORY

¶2 In May 2010, Elizabeth Martin was hit in the head and knocked unconscious by what she alleges was part of a commercial sign. Washington Federal Bank owned the sign, which was designed, manufactured and installed by Royal Sign. At Washington Federal's direction, Royal Sign removed and destroyed the sign a few days after the incident.

¶3 In December 2011, the Martins filed this action against Washington Federal and Royal Sign alleging their negligence caused Ms. Martin's injuries. Washington Federal successfully obtained summary judgment and is not a party to this appeal. Royal Sign moved for summary judgment, arguing the Martins did not know whether the bank's sign hit Ms. Martin, and even if it did, the Martin's expert acknowledged that he could not determine the cause of the sign's failure. The Martins argued "multiple genuine issues of contested and uncontested material facts and the inferences therefrom," as well as Royal Sign's destruction of the sign after the accident, precluded summary judgment for Royal Sign "under the principles of negligence, constructive notice, negligence per se and res ipsa loquitur."

¶4 After full briefing and oral argument, the superior court found sufficient evidence for the jury to reasonably infer that Ms. Martin

---

[1] On appeal from the grant of summary judgment, this court "view[s] the evidence and reasonable inferences in the light most favorable to the party opposing the motion." *Andrews v. Blake*, 205 Ariz. 236, 240 ¶ 12 (2003).

"was hit and injured by a piece of the falling sign." Turning to causation, the court observed the Martins'

> expert testified that he did not know what was wrong with the design, manufacture, maintenance or installation of the sign in question. The testimony regarding wind speeds is speculative at best and amounts to an unsupported leap in logic relating to allegations of negligence for the installation of the sign in violation of permit requirements and zoning ordinances. None of that establishes the necessary causation to support [the Martins'] claim.

The Martins sought to respond to these evidentiary gaps by reliance on "res ipsa loquitur and spoliation." The court found that res ipsa loquitur did not apply "because the sign was not under Royal Sign['s] . . . exclusive control and both parties appear to acknowledge the accident could have occurred even without the negligence of" Royal Sign. Finding the Martins' spoliation argument required a showing that Royal Sign intentionally destroyed the sign "with the goal of disrupting or defeating a potential lawsuit," the court found "no facts, circumstantial or otherwise, from which a jury could reasonably infer that [Royal Sign] engaged in 'spoliation' as argued by the" Martins. Accordingly, the court granted Royal Sign's motion for summary judgment.

¶5 After unsuccessfully seeking reconsideration, the Martins filed a timely notice of appeal from the judgment dismissing their claims. This court has jurisdiction over the appeal pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) and -2101(A)(1) (2016).[2]

## DISCUSSION

¶6 Summary judgment is appropriate "if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). This court reviews the grant of summary judgment de novo. *Andrews v. Blake*, 205 Ariz. 236, 240 ¶ 12 (2003). Summary judgment is not

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

appropriate "if reasonable inferences concerning material facts could be resolved in favor of either party." *Souza v. Fred Carries Contracts, Inc.,* 191 Ariz. 247, 252 (App. 1997) (citation omitted).

¶7        The parties' briefs on appeal do not necessarily track the superior court's summary judgment ruling. In addition, the briefs on appeal take differing approaches to what legal issues properly should be addressed by this court. Accordingly, the court addresses the parties' arguments focusing on the Martins' (1) negligence claim (excluding res ipsa loquitur); (2) res ipsa loquitur theory; and (3) spoliation.

## I.        The Martins' Negligence Claim (Excluding Res Ipsa Loquitur).

¶8        In opposing Royal Sign's motion for summary judgment, the Martins were required to provide factual support for the elements of their negligence claim: duty, breach, cause-in-fact, legal (or proximate) cause and resulting damages. *Boisson v. Ariz. Bd. of Regents*, 236 Ariz. 619, 622 ¶ 5 (App. 2015) (citing cases).[3] The superior court found insufficient evidence that Royal Sign's breach of any relevant duty caused the injuries to Ms. Martin.

¶9        The Martins allege that Royal Sign negligently designed, manufactured, installed and repaired the sign and had notice of its inadequate condition based on "the sign's collision history and prior wind and object damage, performance of repairs and replacements of the sign." The Martins offered evidence that the sign had been hit by vehicles three different times since 1999 and blew apart in 2005. Royal Sign last replaced the sign in 2008 after it was damaged by a truck. The Martins also submitted evidence of wind gusts on the day of the accident, based on weather station observations miles away from the accident.

¶10        The report from the Martins' expert engineer Anthony Voyles opined that the sign may have failed because of substandard design and repair and Royal Sign's failure to obtain a permit or inspection for the

---

[3] The Martins also alleged negligence per se based on Royal Sign's purported violation of Maricopa County Zoning Ordinances and A.R.S. § 11-321. *See Alaface v. Nat'l Inv. Co.,* 181 Ariz. 586, 598 (App. 1994) (holding violation of statute enacted to protect public safety constitutes negligence per se). Although sufficient to establish duty and breach where applicable, under negligence per se, the Martins still must show Royal Sign's actions caused Ms. Martin's injuries. *Id.*; *see also Hebert v. Club 37 Bar,* 145 Ariz. 351, 353 (App. 1984).

replacement sign. The Martins also point to the opinion of Washington Federal's expert Douglas Ward that *if* the face of the sign was dislodged as "a result of the wind event, it was probably cut too small to be fully captured within the upper cabinet." The Martins further point to Royal Sign's expert engineer Todd Springer's conclusion that "[t]he most probable explanation for the subject failure is that the [sign] face was compromised by other objects prior to or commensurate with the subject incident." The Martins contend these expert opinions created a question of material fact precluding summary judgment because they "'need only present probable facts from which the causal relationship reasonably may be inferred.'" *Souza,* 191 Ariz. at 253 (citation omitted).

¶11      No evidence showed that the sign was damaged at the time of the injury or how it was improperly manufactured, installed or repaired. The experts offered varying opinions as to possible sign failure causes, but the superior court properly concluded that those opinions were "speculative and not sufficiently supported by competent evidence."

¶12      The Martins argue this case is similar to *Souza,* which found sufficient evidence that the defendant's defective car repairs caused an accident, even where the car had been destroyed before it could be examined by the expert. 191 Ariz. at 249. *Souza* held that an expert is usually permitted to render an opinion as to how or why an accident occurred so long as that opinion is not based on "sheer speculation, unsupported by any pertinent facts." *Id.* at 254. The expert opinion in *Souza* was based on the description of the accident and deposition testimony of two defense witnesses who admitted the car was repaired with a defective part. *Id.* at 252-53. Here, by contrast, no evidence showed how the accident occurred or that the sign was defectively repaired. Accordingly, unlike *Souza,* the expert testimony upon which the Martins relied *was* based on speculation.

¶13      Royal Sign filed a properly-supported motion for summary judgment arguing that the Martins' claim failed as a matter of law. This required the Martins, "by affidavits or as otherwise provided in . . . [Ariz. R. Civ. P. 56 to] set forth specific facts showing a genuine issue for trial." Ariz. R. Civ. P. 56(e)(4). Because the Martins did not do so with regard to the cause of the sign's failure, the court did not err in granting Royal Sign's motion for summary judgment on their negligence claim (excluding res ipsa loquitur).

## II.     The Martins' Res Ipsa Loquitur Theory.

**¶14**          "Res ipsa loquitur is a theory of circumstantial evidence under which the jury may reasonably find negligence and causation from the fact[s] of the accident and the defendant's relation to the accident." *Cox v. May Dep't Store Co.,* 183 Ariz. 361, 363-64 (App. 1995) (citations omitted). "A plaintiff who establishes the elements of *res ipsa loquitur* can withstand a motion for summary judgment [even] without direct proof of negligence." *Id.* at 364. Accordingly, the discussion of the Martins' failure to factually support their negligence claim discussed above is not dispositive of their res ipsa loquitur theory.

**¶15**          Although stated differently, the necessary elements for res ipsa loquitur under Arizona law are:

> (1) the accident must be of a kind which ordinarily does not occur in the absence of some one's negligence;
> (2) it must be caused by an agency or instrumentality within the exclusive control of defendant;
> (3) it must not have been due to any voluntary action on the part of the plaintiff; [and]
> (4) plaintiff must not be in a position to show the particular circumstances which caused the offending agency or instrumentality to operate to his injury.

*Jackson v. H.H. Robertson Co., Inc.*, 118 Ariz. 29, 31-32 (1978) (quoting *Capps v. American Airlines, Inc.*, 81 Ariz. 232, 234 (1956)). The superior court found the doctrine did not apply "because the sign was not under Royal Sign['s] exclusive control and both parties appear to acknowledge that the accident could have occurred even without the negligence of" Royal Sign. Thus, the issue is whether the Martins presented a res ipsa jury question, recognizing the applicability of the doctrine turns on the unique facts and circumstances of each case. *See Capps v. American Airlines, Inc.*, 81 Ariz. at 234 ("No general rule can be laid down as to the applicability of *res ipsa loquitur*. Its application depends on the peculiar facts and circumstances of each individual case.").

**¶16**      The Martins claim Royal Sign had exclusive control over the design and installation of the sign in February 2008.[4] There is, however, no evidence indicating Royal Sign had or shared exclusive control at the time of the accident in May 2010 or at any time in the more than two years from February 2008 until the accident.

**¶17**      It is true, as the Martins suggest, that "the significant time of exclusive control is the time at which the alleged negligence resulting in the injury occurred, not the time of the accident." *Jackson,* 118 Ariz. at 32. But the Martins provide no authority for the proposition that res ipsa loquitur properly may be used to impose liability on a defendant who allegedly had exclusive control of an instrumentality for a brief period of time years before an accident. And the authority cited by the Martins negates such a suggestion. *See Cox*, 183 Ariz. at 362 (holding res ipsa loquitur was not precluded, as a matter of law, as to entity with ongoing obligation to maintain escalator that had inspected escalator approximately two weeks before and two weeks after accident); *Sanchez v. Tucson Orthopaedic Inst., P.C.*, 220 Ariz. 37, 41 ¶ 15 (App. 2008) (finding res ipsa loquitur inapplicable when plaintiffs claimed that *either* one defendant or another "controlled the instrumentality causing injury, and they provided no evidence that either defendant probably controlled it"); *accord Jackson*, 118 Ariz. at 32-33 (noting, in jobsite injury case, "[e]mployees of both defendants had control of the injurious instrumentality at times close enough to the accident to permit the inference that the negligence of one or both defendants caused the harm," even though "the employees of one or both defendants may have been at lunch at the time of the accident").[5]

---

[4] Although on appeal the Martins attempt to expand the claim to assert subsequent maintenance of the sign, because no such argument was presented to the superior court, it was waived. *See Cont'l Lighting & Contracting, Inc. v. Premier Grading & Utils., LLC*, 227 Ariz. 382, 386 ¶ 12 (App. 2011); *Schurgin v. Amfac Elec. Distrib. Corp.*, 182 Ariz. 187, 190 (App. 1995).

[5] The other cases cited by the Martins in discussing the issue on appeal do not address res ipsa loquitur and are not relevant to this discussion. *L.H Bell & Assocs. v. Granger,* 112 Ariz. 440 (1975) (affirming judgment following jury trial on negligent design claim arising out of flooding damage); *Pruett v. Precision Plumbing,* 27 Ariz. App. 288, 291 (1976) (affirming directed verdict on personal injury claim); *Shannon v. Butler Homes, Inc.,* 102 Ariz. 312 (1967) (affirming in part and reversing in part motion to dismiss or for judgment on the pleadings in personal injury design defect case).

¶18            This more than two year time gap is particularly significant here, where third party vehicles apparently compromised the sign on several occasions before the May 2010 accident, including in 1999, 2001, 2005 and 2007. Royal Sign's expert opined that the most likely cause of the sign's failure was an impact to the sign shortly before or at the time of the May 2010 accident. The Martins acknowledge the sign's "collision history" and Royal Sign's "viable major opinion" that a plausible explanation for the accident was that "the [sign] face was compromised by other objects prior to or commensurate with the subject incident." Indeed, the Martins concede that their expert "agrees[,] concluding that given the extent of the impact damage (opposite sign face, cabinet) the impact 'object' was yet again a vehicle."

¶19            Finally, no evidence showed that Royal Sign (as opposed to Washington Federal) had control over circumstances that may have resulted in objects, including vehicles, striking the sign. Subjecting Royal Sign to a theory of liability holding it responsible for circumstances outside of its control is contrary to the basis of res ipsa loquitur. *Cox*, 183 Ariz. at 365 ("'Control' under *res ipsa loquitur* thus corresponds to responsibility for the instrumentality."). Accordingly, given the unique facts and circumstances of this case, the Martins have not shown the superior court erred in granting summary judgment to Royal Sign on the Martins' res ipsa loquitur theory. *Byars v. Ariz. Pub. Serv. Co.*, 24 Ariz. App. 420, 426 (1975) (noting "it is of little value to discuss any of the innumerable precedents wherein application of the [res ipsa loquitur] rule[s] was sought, for each decision must be analyzed upon its particular facts;" affirming summary judgment where "[t]here are various alternate possibilities to [the accident's] cause, some of which obviously were not within the exclusive control of defendants"); *accord Capps*, 81 Ariz. at 234 (similar).

## III.    Spoliation.

¶20            The Martins argue Royal Sign's destruction of the sign constitutes spoliation, which should preclude summary judgment. Although highly context-dependent, spoliation includes "[t]he intentional destruction of evidence." *Smyser v. City of Peoria*, 215 Ariz. 428, 438 ¶ 32 n.11 (App. 2007) (citation omitted). "Destruction of potentially relevant evidence obviously occurs along a continuum of fault—ranging from innocence through the degrees of negligence to intentionally. The resulting penalties vary correspondingly." *Souza*, 191 Ariz. at 250 (citation omitted). Depending upon the circumstances, a court may have the discretion to impose a variety of different sanctions for spoliation, ranging from dismissal or entry of default to instructing the fact finder to make an

adverse inference about what the destroyed evidence would have shown and/or monetary sanctions. *See, e.g., Souza*, 191 Ariz. at 249–50 (citing cases); *Lips v. Scottsdale Healthcare Corp.*, 224 Ariz. 266, 267-268 ¶ 8 (2010) (citing authority). In deciding whether to allow an adverse inference, the court considers whether the destruction of evidence was intentional or in bad faith "and whether the loss of evidence prejudiced the party seeking sanctions." *McMurtry v. Weatherford Hotel, Inc.*, 231 Ariz. 244, 260 ¶ 51 (App. 2013). A decision regarding the imposition of sanctions is reviewed for an abuse of discretion. *See Souza,* 191 Ariz. at 250.

**¶21**        As applied, Royal Sign removed and destroyed the sign at Washington Federal's direction. The unfortunate result of this action is that the Martins are unable to inspect the sign. The record indicates that Royal Sign was unaware that anyone had been injured when it removed the sign. The record also indicates that the removal and destruction was at Washington Federal's direction, not an independent decision by Royal Sign. Nothing suggests that Royal Sign intentionally destroyed the sign to destroy evidence or acted in bad faith in removing and destroying the sign. Therefore, the Martins have not shown that the superior court abused its discretion in resolving their spoliation arguments.

## CONCLUSION

**¶22**        The judgment is affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama